UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | | |
|---|---|---|
| RONNIE BROCK, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 6: 06-476-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| MICHAEL J. ASTRUE, Commissioner | ) | **MEMORANDUM OPINION** |
| of Social Security,[1] | ) | **AND ORDER** |
| | ) | |
| Defendant. | ) | |

*** *** *** ***

This matter is before the Court for consideration of cross-motions for summary judgment filed by *pro se* Plaintiff Ronnie Brock ("Brock") and Defendant Michael J. Astrue, Commissioner of Social Security ("Commissioner"). [Record Nos. 16, 17, and 21] Through this action, Brock seeks to reverse the decision of an administrative law judge ("ALJ") concluding that he was not entitled to Supplemental Security Income payments ("SSI"). The Commissioner contends that the ALJ's decision is supported by substantial evidence and should be affirmed. For the reasons discussed below, the Court will grant the Commissioner's motion and deny the relief sought by Brock.

---

[1]      The Court takes judicial notice of the fact that, on February 12, 2007, Michael J. Astrue became the Commissioner of Social Security.  Accordingly, pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, he is substituted for the prior, acting Commissioner.  Brock asserts that the previous Commissioner should still be included in this litigation because she was the commissioner at the time of his initial application.  However, Rule 25(d)(1) and 42 U.S.C. § 405(g) clearly indicate that the new commissioner is "automatically substituted" and that "[p]roceedings following the substitution *shall be* in the name of the substituted party."  Fed. R. Civ. pro 25(d)(1) (2007) (emphasis added).

## I.      BACKGROUND

Brock filed an application for Supplemental Security Income ("SSI") on April 8, 2004. The claim was denied initially and upon reconsideration.  Thereafter, Brock requested a hearing before an Administrative Law Judge ("ALJ").  On March 6, 2006, a hearing was conducted before ALJ Charles J. Arnold.  During this hearing, the ALJ heard testimony from Brock and Jim Sluss, a witness.  Thereafter, the ALJ issued a decision denying benefits to Brock.  [Transcript ("Tr."), pp. 12-20]  The ALJ concluded that Brock retained the residual functional capacity to perform a full range of light work.  [Tr., p. 20] Brock's request for review was denied by the Appeals Council on September 8, 2006.  [Tr., pp. 7-9]

At the time of the hearing, Brock was a 51 year-old individual with a high school education.  [Tr., p. 19]  He alleges a disability beginning April 5, 2004, due to obesity, emphysema, bronchitis, degenerative joint disease and degenerative changes in his cervical, thoracic and lumbar spine.  [Tr., p. 15, 17] The ALJ found that Brock could not perform any of his past relevant work.  [Tr., p. 19]  However, after review and evaluation of the medical evidence of record and testimony at the hearing from the Claimant, the ALJ found that Brock had the residual functional capacity to perform a full range of light work.  [Tr., p. 20]  He concluded that Brock was not disabled as defined by the Social Security Act and regulations. [Tr., p. 20]

## II.      LEGAL STANDARD

A claimant's Social Security disability determination is made by an ALJ in accordance with a five-step analysis.  If the claimant satisfies the first four steps of the process, the burden

shifts to the Commissioner with respect to the fifth step. First, a claimant must demonstrate that he is not currently engaged in substantial gainful employment at the time of the disability application. 20 C.F.R. § 416.920(b). Second, a claimant must show that he suffers from a severe impairment. 20 C.F.R. § 416.920(c). Third, if the claimant is not engaged in substantial gainful employment and has a severe impairment which is expected to last for at least twelve months, which meets or equals a listed impairment, he will be considered disabled without regard to age, education, and work experience. 20 C.F.R. § 416.920(d). Fourth, if the Commissioner cannot make a determination of disability based on medical evaluations and current work activity and the claimant has a severe impairment, the Commissioner will then review the Claimant's residual function capacity ("RFC") and relevant past work to determine if he can do past work. If he can, he is not disabled. 20 C.F.R. § 416.920(f).

Under the fifth step of this analysis, if the claimant's impairment prevents him from doing past work, the Commissioner will consider his RFC, age, education and past work experience to determine if he can perform other work. If he cannot perform other work, the Commissioner will find the claimant disabled. 20 C.F.R. § 404.1520(g). The Commissioner has the burden of proof only on "the fifth step, proving that there is work available in the economy that the claimant can perform." *Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235, 238 (6th Cir. 2002) (*quoting Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 391 (6th Cir. 1999)).

Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Lashley v. Sec'y of Health and Human Servs.*, 708 F.2d 1048, 1053 (6th Cir. 1983). While significant

deference is accorded to the ALJ, the standard employed in these cases does not permit a selective reading of the record. Instead, "substantiality of the evidence must be based upon the record taken as a whole. Substantial evidence is not simply some evidence, or even a great deal of evidence. Rather, the substantiality of evidence must be taken into account whatever in the record fairly detracts from its weight." *Garner v. Heckler*, 745 F.2d 383, 388 (6th Cir. 1984) (citations omitted).

If supported by substantial evidence, the Commissioner's decision must be affirmed even if the Court would decide the case differently and even if the claimant's position is also supported by substantial evidence. *Garcia v. Sec'y of Health and Human Servs.*, 46 F.3d 552, 555 (6th Cir. 1995); *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994); *Casey v. Sec'y of Health and Human Services*, 987 F.2d 1230, 1233 (6th Cir. 1993); *Smith v. Sec'y of Health and Human Services*, 893 F.2d 106, 108 (6th Cir. 1989). Thus, the Commissioner's findings are conclusive if they are supported by substantial evidence. 42 U.S.C. § 405(g).

In determining whether the ALJ's opinion is supported by substantial evidence, courts may not "try the case *de novo*, nor resolve conflicts in evidence, nor decide questions of credibility." *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984) (citation omitted). It is the job of the ALJ to make credibility findings after listening to testimony, observing the claimant's demeanor, and evaluating the testimony in light of the written evidence. Credibility determinations are particularly within the province of the ALJ. *Gooch v. Sec'y of Health and Human Servs.*, 833 F.2d 589 (6th Cir. 1987); *Villarreal v. Sec'y of Health and Human Servs.*, 818 F.2d 461, 464 (6th Cir. 1987).

-4-

## III.    DISCUSSION

In his *pro se* Complaint, Brock appears to assert that the Commissioner's decision denying Social Security Income payments is not supported by substantial evidence. Additionally, Brock has submitted new evidence in support of his claim that was not presented to the Administrative Law Judge.[2]  While Brock contends that this is an "original proceeding," this Court only has jurisdiction to affirm, modify or reverse the decision of the ALJ, or to remand the case for further proceedings based on the new evidence.[3]  *See* 42 U.S.C. § 405(g).

### A.    Substantial Evidence

The Court has examined the ALJ's evaluation of Brock's claims of disabling respiratory and physical limitations and agrees with the ALJ's conclusions.  The ALJ found that "the claimant's medically determinable impairments could reasonably be expected to produce the alleged symptoms, but that the claimant's statements concerning the intensity, duration and

---

[2]        Brock also asserts that he is entitled to summary judgment because the Commissioner failed to file an appearance in the record within the time permitted by the Federal Rules of Civil Procedure.  [Record No. 13] Rule 15(a) provides that "A party shall plead in response to an amended pleading within the time remaining for response to the original pleading or within 10 days after service of the amended pleading, whichever period may be the longer, *unless the court otherwise orders*." Fed. R. Civ. Pro 15 (2007) (emphasis added). Brock filed his Amended Complaint [Record No. 9] on December 21, 2006.  This Court issued a summons on December 21, 2006, directing the Commissioner to respond to Brock's Amended Complaint withing 60 days. [Record No. 10] The Commissioner filed its Answer on January 26, 2007. [Record No. 13] Accordingly, the Commissioner's Answer was timely filed under this Court's order and Rule 15.

[3]        In his Amended Complaint, Brock contends that the "Social Security Administration committed a felony by destroying evidence in the Social Security Administration computer, the application date of 5-30-96." [Record No. 9] However, Brock has failed to submit any evidence or a copy of the alleged application in support of his claim.  Therefore, the Court finds that this argument is wholly without merit.

Additionally, Brock requests that this Court direct the Social Security Administration to destroy all records related to his mental health.  However, Brock admits that he signed a consent form releasing these records so that the Commissioner could review his application.  Accordingly, the Court also finds that this request is without merit. [Record No. 9]

limiting effects of these symptoms are not entirely credible." [Tr., p. 18]  In evaluating the

credibility of a claimant, the Sixth Circuit has recognized that a reviewing court should be

"particularly reluctant" to substitute its judgment of the credibility of the claimant for that of the

ALJ, since the ALJ has "seen the claimant in the flesh" and has had the opportunity to observe

his demeanor.  *Gooch*, 833 F.2d at 592.  As such, the reviewing court "should show deference

to the decision of the administrative law judge in assessing credibility." *Tyra v. Sec'y of Health*

*and Human Servs.*, 896 F.2d 1024, 1028 (6th Cir. 1990).

The ALJ concluded that, while Brock's condition was "severe," it was not attended by

clinical findings necessary to establish that he was disabled within the meaning of the Social

Security Act.  In making this determination, the ALJ considered Brock's testimony and whether

it was corroborated by the objective medical records.  In particular, the ALJ noted that,

> The claimant testified that he had pre cancer in the lungs.  Some reports showed
> thickening in the lungs.  He has been diagnosed with bronchitis.  He has pain,
> everyday depending on what he has done.  CT scan of spine dated May 6, 2004
> was positive for multilevel osteoarthritic changes.  Treatment record shows that
> claimant is obese and has history of bronchitis and emphysema.  On July 27,
> 2004, Dr. William brooks reported that clamant had symptoms consistent with
> degenerative changes in the cervical, thoracic and lumbar spine. (Exhibits 3F, 6F
> & 8F). . . .

> Dr. Brooks reported that claimant's neurological exam was negative for nerve
> root compression or spinal cord compression.  On November 4, 2004, Dr.
> Alexander E. Tzouanakis reported that claimant's musculoskeletal exam was
> unremarkable.  Treatment record dated May 20, 2004 from Dr. Chaney reveals
> that muscle strength was intact bilaterally.  Dr. Chaney advised over-the-counter
> pain medications and follow-up on as needed basis (Exhibits 3F, 6F & 12F).

> The claimant has been undergoing treatment for cough and excessive sputum
> production.  Treatment record dated November 4, 2004 shows that pulmonary
> function testing showed mild restriction but he had no airways obstruction and
> diffusion was normal.  On January 6, 2005, Dr. Tzouanakis reported that

claimant's workup for cough and excessive sputum was essentially negative. Bronchoscopy showed chronic bronchitis, but cultures were negative. Prior to that pulmonary function study on June 19, 2004 was also negative (Exhibits 4F & 12F). . . .

There is no medical source statement from treating source. There is no evidence of any ongoing treatment. He uses over-the-counter pain medication. Treatment record shows that musculoskeletal exam was unremarkable. Pulmonary workup was negative.

[Tr., pp. 17-18]  The ALJ concluded that there was no evidence of any significant ongoing medical treatment.  Additionally, the ALJ found that Brock's statements concerning the intensity, duration and limiting effects of the symptoms were not entirely credible.

Based on the deference given to the ALJ in making credibility determinations, combined with the medical evidence supporting his decision, the Court concludes that the ALJ properly weighed all of the evidence presented in determining that Brock could perform a full range of light work. [Tr., p. 18] The record supports the ALJ's finding that, although Brock was diagnosed with various impairments, the objective medical evidence does not indicate that these impairments resulted in disabling limitations. *See Higgs v. Bowen*, 880 F.2d 860, 863 (6th Cir. 1988) ("The mere diagnosis of [a condition], of course says nothing about the severity of the condition).

## B.    New Evidence

Brock submitted new evidence to the Appeals Council and to this Court in support of his claim for Social Security Income payments.  More specifically, before the Appeals Council, he submitted 2 reports from the Appalachian Regional Healthcare Medical Center dated April 6, 2004 and April 8, 2004, indicating that he could only lift 5 pounds. [Tr., p. 10, 231-23]

Additionally, Brock filed the following evidence in the record before this Court: (1) medical records from 1972 and 1975 showing right and left pneumothorax; (2) radiology reports from May, 2006, showing no active lung disease changes, old fibrosis and scarring of the left lung base, and normal cardiomegaly; (3) radiology reports from July, 2004, showing pleural thickening and a normal neck x-ray; (4) radiology reports from 2006 showing disk space narrowing and other degeneration of the lumbar spine; and (5) a CT scan from June, 2004. [Record No. 18, exhibits]

A district court cannot reverse an ALJ's decision based on evidence not in the record before the ALJ. *Cotton v. Sullivan*, 2 F.3d 692, 695-96 (6th Cir. 1993). In other words, evidence which was not available to the ALJ cannot be considered by the Court in its substantial evidence review. However, it may be appropriate for the district court to remand a case to the ALJ for reconsideration if the claimant has new and material evidence that is relevant to the determination of disability at the time the application was first filed. *Id*. The burden of showing that a remand is appropriate is on the claimant. *Oliver v. Sec'y of Health & Human Servs.*, 804 F.2d 964, 966 (6th Cir. 1986). In this case, however, Brock has not moved for a remand pursuant to Section 405(g). Even if he had, the motion would fail.

"For the purposes of a 42 U.S.C. § 405(g) remand, evidence is new only if it was 'not in existence or available to the claimant at the time of the administrative proceeding.'" *Id*. (quoting *Sullivan v. Finkelstein*, 469 U.S. 617, 626 (1990)). The medical records showing right and left pneumothorax were from 1972 and 1974, and the Commissioner accurately points out that the information contained in these reports was considered by the ALJ via the reports of Drs.

Nachbauer and Tzouanakas.  Thus, the evidence was not new, and Brock had the burden of providing the records to the Commissioner while his application for benefits was being reviewed. *See Foster v. Halter*, 279 F.3d 348, 357 (6th Cir. 2001) ("The burden of providing a complete record, however, rests on the claimant.")

The reports from 2004 are also not new evidence for purposes of § 405(g).  The ALJ held a hearing in March, 2006, and issued his decision in May, 2006.  The evidence contained in the radiology reports was available at the time the ALJ made his decision, and the burden is on the Claimant to provide any relevant information.  *See id*.  Moreover, the CT scan from June 2004 was in the record from the ALJ, [Tr., p. 203], the neck x-ray was normal, and the chest x-ray only noted blunting of the costophrenic sulci, which is also contained in the June, 2004 CT scan that was before the ALJ.  The two records from the Appalachian Regional Healthcare Medical Center dated April 6, 2004 and April 8, 2004, indicating that Brock could only lift 5 pounds, were also available at the time the ALJ made his decision, and are unaccompanied by any clinical support.  As such, none of these records are "new evidence" that was "not in existence or available to the claimant at the time of the administrative proceeding."  *Sullivan*, 469 U.S. at 626.

Nor do the reports from 2006 provide new or different evidence that could have changed the ALJ's conclusion.  Although these records were not available at the time the ALJ considered Brock's application, the Commissioner accurately points out that these records do not show any changed circumstances or new information that would be material to the ALJ's determination.  The 2006 chest x-ray reveals no active lung disease changes, and specifically notes "[o]ld

fibrosis and scarring at the left lung base, *unchanged compared with study of July 13, 2004*." [Record No. 18, Radiology report May 2, 2006 (emphasis added)].  Additionally, the information contained in the 2006 lumbar spine report showing narrowed disk space at L5 and S1 was presented in multiple reports before the ALJ. [Tr., pp. 170, 172, 182, 192]  In his Findings of Fact and Conclusions of Law, the ALJ noted that "claimant had symptoms consistent with degenerative diseases in the cervical, thoracic, and lumber spine," but that these impairments did not meet or medically equal in severity any of the most closely applicable listing sections for disability.

Because the ALJ's decision was based on substantial evidence and because Brock has not submitted any evidence that would alter this conclusion, the decision of the ALJ will be affirmed.

### IV.    CONCLUSION

After reviewing the briefs submitted by the parties and the record before the ALJ, it is clear that the ALJ's opinion was supported by substantial evidence.  Accordingly, it is hereby

**ORDERED** as follows:

(1)    Defendant Michael J. Astrue's Motion for Summary Judgment [Record No. 21] is **GRANTED**;

(2)    Plaintiff Ronnie Brock's Motion for Summary Judgment [Record Nos. 16, 17] is **DENIED**;

(3)    The administrative decision will be **AFFIRMED** by separate Judgment entered this date.

-10-

This 26th day of June, 2007.



Signed By:

*Danny C. Reeves*

United States District Judge